UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **No. 3:13-cr-0097-3** |
| | ) | **Judge Sharp** |
| **RASHAD WOODSIDE** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the government's "Motion Appealing Release Order," (Docket No. 157), which the Court takes as a motion for revocation of the Magistrate Judge's order releasing Defendant pending trial, subject to certain conditions set by the Magistrate Judge, and setting bond. *See* 18 U.S.C. § 3145(a). The government also requests a second evidentiary hearing on the issue of detention. The motion has been fully briefed, and the Court has reviewed the Magistrate Judge's decision *de novo*. *See United States v. Ellis*, 12-cr-20228, Slip Op. at *3, 2012 WL 3542495 (E.D. Mich. Aug. 16, 2012). A second evidentiary hearing is unnecessary.

Pretrial detention is required if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985). If the Court finds that there is probable cause to believe that Defendant committed an offense with a maximum term of imprisonment of ten or more years under the Controlled Substances Act, a rebuttable presumption arises in favor of pretrial detention. 18 U.S.C. § 3142(e)(3)(A). Defendant then has a burden of production to proffer "'evidence that he does not pose a danger to the community or a risk of flight.'" *U.S. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Even if Defendant

produces some evidence to rebut the presumption, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*; *see also Ellis*, Slip Op. at *3 (citation omitted).

The Court considers several factors when determining if the government has met its burden:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

In denying the government's request for pretrial detention, the Magistrate Judge found that there were "a combination of conditions which will assure the defendant's presence at trial and other court proceedings and which will also reasonably assure the safety of the community

and the individuals in the community." (Docket No. 190 at 48).  The Magistrate Judge stated that the conditions placed on Defendant's release pending trial included "a very comprehensive multi-faceted bond which is designed to give the government a very significant comfort level." (*Id.*)  He noted the government's engagement in "extensive discussions" with Defendant "for a result other than pretrial detention." (*Id.* at 49).  And he found for the record that Defendant had a long history in the community, "virtually no prior criminal history," no felony convictions, approximately 19 family and friends in the courtroom, owned his own business, and was not a flight risk.  (*Id.* at 49-50).  He also noted that, while apparently knowing that he was under investigation, Defendant went to Atlanta and "then returned to South Florida to confront the reality of the investigation, which is a development inconsistent with someone who is intending to flee." (*Id.* at 51-51).

After reviewing the record *de novo*, the Court finds that the government failed to meet its burden by clear and convincing evidence.  Under 18 U.S.C. § 3142(e), a rebuttable presumption is triggered that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq*." *United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001).  While "[t]he indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption," *id.* (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)), in this case it is Defendant's statements in custody, as testified to by DEA Special Agent Barrington Robinson at the June 7 hearing and corroborated by a co-defendant, that provide probable cause to believe he is eligible for a sentence of 97 to 121 months, and possibly more.  *See* U.S. Sentencing

3

Guidelines § 2D1.1; (Docket Nos. 185 at 2 & 190 at 23-24, 27). Accordingly, the Court finds that the presumption is triggered.

However, Defendant satisfied his burden of producing "some evidence tending to demonstrate" that he is not a danger to the community or a flight risk. *See Stone*, 608 F.3d at 945-47. He lacks a significant criminal history. The two guns recovered from his home were found chained, locked with a key, and stored in a closet. (Docket No. 190 at 16). Defendant returned to South Florida from a trip to Atlanta despite knowing he was under investigation, whereupon he was arrested at his home without incident. A large number of family and friends appeared, testified, and co-signed bonds on Defendant's behalf.

"Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Stone*, 608 F.3d at 945 (citation omitted). Thus the Court considers the § 3142(g) factors discussed *supra*. The nature of the offense charged reflects "Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.* The particular circumstances of this offense are not especially cruel or outrageous, though, and the record indicates uncertainty as to whether Defendant would be eligible for a sentence greater than 121 months based upon the evidence proffered to date. In other words, at this point he barely crosses the threshold triggering the presumption, and so while the first factor weighs in favor of detention, it is not overwhelmingly so.

As for the second factor, the weight of the evidence against Defendant is strong, but only up to a point. The government proffered evidence from wiretaps, Defendant's statements in custody, and a co-defendant's testimony. However, despite wiretapping and otherwise investigating Defendant between December 2012 and May 2013, Special Agent Robinson could

not testify to evidence of drug shipments in three of the six months. And so, while the evidence of some criminal conduct is strong, the evidence of presumptively dangerous (i.e., eligible for a 120-month sentence) criminal conduct proffered to date—Defendant's self-incriminating acceptance of an estimate by law enforcement agents—is not. The second factor does not weigh heavily in favor of pretrial detention.

Factors three and four, in contrast, weigh strongly in favor of pretrial release for the reasons explained on the record by the Magistrate Judge. Defendant's particular history and characteristics give no indication that pretrial release with bonds and strict curfews enforced by electronic monitoring will be unable to ensure community safety or the integrity of this prosecution. And recognizing that "the dangerousness inquiry must be an individualized one," *id.* at 946, the Court finds that Defendant's long history in and many connections to the community,[1] his continued self-employment, and the strict terms of the proposed pretrial release measures in this case, minimize the risk of danger to others or the community. Moreover, it is not appropriate for the government to get another bite at the apple in the form of a second evidentiary hearing to offer further proof in light of this analysis.

Perhaps recognizing all of the above, Pretrial Services apparently recommended a percentage bond with a *Nebbia* condition in this case, and the United States Attorney for the Middle District of Tennessee negotiated at some length with Defendant about the possibility of pretrial release. Like the Magistrate Judge, the Court finds that the government has not shown by clear and convincing evidence that "no condition or combination of conditions will

---

[1] "'[C]ommunity' in [18 U.S.C. § 3142(g)] embraces both the community in which the charges are brought and also a community in the United States to which the defendant has ties." *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990), *accord United States v. Hir*, 517 F.3d 1081, 1088 n.4 (9th Cir. 2008).

reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Accordingly, the government's motion for revocation and/or a second evidentiary hearing (Docket No. 157) is hereby DENIED. Noting the stays issued in this case on June 7, 2013, the Court hereby directs the government to apprise Magistrate Judge Jonathan Goodman of the Southern District of Florida of this ruling.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE