PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. **Caitlin Michelle Gibson**        Docket No. **0650 3:13CR00097 - 18**

### Petition for Action on Conditions of Pretrial Release

COMES NOW **Dariel S Blackledge-White**, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant **Caitlin Michelle Gibson** who was placed under pretrial release supervision by the **Honorable E. Clifton Knowles, U.S. Magistrate Judge** sitting in the Court at **Nashville, Tennessee**, on **June 12, 2013**, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White | Nashville, TN | July 24, 2013 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event

| Event | Date |
|---|---|

## PETITIONING THE COURT

☐ No Action                    ☒ To issue an order setting a hearing on the petition
☐ To Issue a Warrant           ☐ Other

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☒ A Hearing on the Petition is set for

**August 13, 2013** Date    **10:00 A.M.** Time

Considered and ordered this **25th** day of **July**, **2013**, and ordered filed and made a part of the records in the above case.

_____
Honorable E. Clifton Knowles
U.S. Magistrate Judge

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
GIBSON, CAITLIN MICHELLE
Case No. 3:13-CR-00097-18
July 24, 2013

On June 6, 2013, defendant Caitlin Michelle Gibson appeared before Your Honor for an Initial Appearance as a result of being charged with violating Title 21 U.S.C. § 846, Conspiracy to Possess With Intent to Distribute and to Distribute Oxycodone, Hydromorphone, and Oxymorphone, Schedule II Controlled Substances; and Buprenorphine, a Schedule III Controlled Substance. The Government filed a Motion for Detention, and Ms. Gibson was temporarily detained.

On June 12, 2013, the defendant appeared before Your Honor for a Detention Hearing at which time the Government withdrew its Motion for Detention. Ms. Gibson was released on a personal recognizance bond with pretrial supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Report to the U.S. Pretrial Services as directed.**

Ms. Gibson failed to report to the U.S. Probation and Pretrial Services office on July 16, 2013, for her scheduled monthly office visit after she indicated that she would.

**Violation No. 2: Refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; defendant shall notify Pretrial Services of any medication prescribed by a physician:**

On June 12, 2013, the defendant reported to Pretrial Services for her initial intake. At that time, she admitted she had smoked marijuana approximately six days prior to her arrest. Also, Ms. Gibson indicated she used Valium daily and did not have a prescription for the substance. Her urine specimen was submitted to Alere Laboratories, located in Gretna, Louisiana, and was confirmed positive for the presence of oxazepam, temazepam, and marijuana.

On July 24, 2013, the defendant sent a text message to this officer's cellular telephone as follows:

> "This is catie gibson im going back to rehab waiting on a bed couldnt pass the drug test plz work with me im really trying"

2

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
GIBSON, CAITLIN MICHELLE
Case No. 3:13-CR-00097-18
July 24, 2013

**Violation No. 3: Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.**

On July 15, 2013, the defendant failed to report to the U.S. Probation and Pretrial Services for a urinalysis.

**Violation No. 4: Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.**

On June 26, 2013, the defendant was admitted into Buffalo Valley, a treatment facility located in Nashville, Tennessee. On June 27, 2013, Ms. Gibson contacted this officer to report that she had checked herself out of the program due to the living conditions. She later advised this officer that she left the rehabilitation program because a counselor made sexual advances towards her. She said she did not advise anyone of this incident, and this information was unverified.

**Current Status of Case:**

As of this date, no trial date has been set in this matter.

**Probation Officer Action:**

This officer has continued to encourage the defendant to remain drug free, and on June 12, 2013, the defendant was placed in Phase 6 of the U.S. Probation Office's Code-a-Phone program, a program whereby defendants call daily to ascertain whether they need to report to the U.S. Probation and Pretrial Services Office to submit a urine screen. Due to the defendant's continued use of drugs, she was instructed to contact Centerstone or another provider for substance abuse treatment. Ms. Gibson was verbally reprimanded subsequent to her departure from a residential drug treatment program at Buffalo Valley. She was given explicit instructions to contact Centerstone and schedule an appointment for a substance abuse assessment and/or drug treatment.

After the defendant's missed urine screen on July 15, 2013, this officer did not make contact with the defendant as Ms. Gibson sent a text message to my work cellular telephone indicating she would report to the office on July 16, 2013. Ms. Gibson failed to report to the office on that date and had no contact with the supervising officer until July 24, 2013.

On July 24, 2013, at approximately 3:15 p.m., this officer attempted to contact the defendant to instruct her to report to this office and also to inquire about her efforts to enroll in another substance abuse treatment program. Ms. Gibson was unavailable and thus, this officer spoke to the defendant's mother, Paula Gibson.

According to Mrs. Gibson, the defendant has relapsed and was unavailable because she had gone

3

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
GIBSON, CAITLIN MICHELLE
Case No. 3:13-CR-00097-18
July 24, 2013

with her friend to "look at rehab." Mrs. Gibson stated the defendant has participated in mental health treatment at Cumberland Mental Health, located in Lebanon, Tennessee, and was prescribed Prozac. Mrs. Gibson expressed her belief that the psychotropic medication that her daughter was prescribed was "too much." Specifically, she reported she fears the defendant may become suicidal. Mrs. Gibson advised this officer of the defendant's pending mental health appointment at Cumberland Mental Health on July 26, 2013, at 1:15 p.m.

This officer has again requested that the defendant contact me immediately to discuss her case and coordinate treatment efforts.

**Respectfully Petitioning the Court as Follows**:

Although Ms. Gibson continues to use narcotics and appears to be in dire need of drug treatment, she has failed to participate in a program. As previously noted, she checked out of an inpatient treatment program on or about June 26, 2013. She has not yet secured an alternative substance abuse treatment program. Additionally, Ms. Gibson has made herself unavailable for supervision, as she failed to report to this office as instructed for either a urine screen or for her monthly appointment. Therefore, it is respectfully recommended that the Court issue an Order setting a hearing on this Petition for Action.

Assistant U.S. Attorney Brent Hannafan has been advised of the above violations.

Respectfully,

Dariel Blackledge-White
U.S. Probation Officer


Approved:

William Burton Putnam
Supervisory U.S. Probation Officer


xc: Brent Hannafan, Assistant U.S. Attorney
     Barry Tidwell, Defense Attorney

# UNITED STATES DISTRICT COURT

_____ MIDDLE _____ District of _____ TENNESSEE _____

United States of America

V.

_____ CAITLIN GIBSON _____
Defendant

**ORDER SETTING CONDITIONS
OF RELEASE**

Case Number: 3:13-00097-18

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
                                                                                                                        Place

_____ on _____
                                                        Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )   The defendant promises to appear at all proceedings as required and to surrender

(   )   The defendant executes an unsecured bond binding the defendant to pay
        _____ dollar _____ )
        in the event of a failure to appear as required or to surrender as directed for

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

(Name of person or organization) _____

(Address) _____

(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____   _____
        Custodian or Proxy              Date

( X ) (7) The defendant shall:

(X) (a) report to the U.S. Pretrial Services as directed,
telephone number (615) 736-5771, not later than _____.

( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

( ) (d) execute a bail bond with solvent sureties in the amount of $ _____

(X) (e) maintain or actively seek employment. or attend school as directed ✓

( ) (f) maintain or commence an education program.

(X) (g) surrender any passport to: Pretrial Services ✓

(X) (h) obtain no passport.

(X) (i) abide by the following restrictions on personal association, place of abode, or travel: Restricted to Middle District of TN unless pre-approved for out of district travel by Pretrial Services ✓

(X) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: co-defendants without prior approval of Pretrial Services

( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):

( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

(X) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons. ✓

( ) (o) refrain from ( ) any ( ) excessive use of alcohol.

(X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. ✓

(X) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(X) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(X) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

(X) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. and within 48 hrs. ✓

(X) (v) Shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view. ✓

( ) (w) _____

( ) (x) _____

DISTRIBUTION: COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.
    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.
    Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

                                                  x *Caitlin Gibson*
                                                    Signature of Defendant

### Directions to United States Marshal

( x ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:         June 12, 2013                                                *[signature]*
                                                                                      Signature of Judicial Officer

                                              E. CLIFTON KNOWLES, U.S. MAGISTRATE JUDGE
                                                                   Name and Title of Judicial Officer

        DISTRIBUTION:    COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL