PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Ryan Moore                                    Docket No. 0650 3:13CR00097 - 24

### Petition for Action on Conditions of Pretrial Release

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Ryan Moore who was placed under pretrial release supervision by the Honorable E. Clifton Knowles, U.S. Magistrate Judge sitting in the Court at **Nashville, Tennessee**, on June 07, 2013, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

Dariel S Blackledge-White          Nashville, TN                    February 14, 2014
U.S. Pretrial Services Officer     Place:                           Date:

**Next Scheduled Court Event**    **Bond Revocation**               February 20, 2014
                                   Event                            Date

## PETITIONING THE COURT

☐ No Action                        ☐ To issue an order setting a hearing on the petition
☒ To Issue a Warrant               ☒ Other  The petition dated February 5, 2014, is
                                             amended to include additional violations.

THE COURT ORDERS:
☐ No Action                                    ☐ A Hearing on the Petition is set for
☒ The Issuance of a Warrant.
   ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)    _____  _____
☒ Other  The Petition dated 2/5/14                   Date              Time
   is so Superseded.
Considered and ordered this 14th day
of February, 2014, and ordered filed
and made a part of the records in the above
case.

_____
Honorable E. Clifton Knowles
U.S. Magistrate Judge

Honorable E. Clifton Knowles
U.S. Magistrate Judge
2nd Superseding Petition for Action on
MOORE, Ryan
Case No. 3:13-CR-00097-24
February 14, 2014

**The petition dated February 5, 2014, is superseded to include one additional counts of Violation Nos. 2 and 3, and the addition of Violation No. 4. Additionally, the Violation, Probation Officer Action, and Pretrial Services recommendation sections have been edited.**

On June 3, 2013, defendant Ryan Moore appeared before Your Honor for an Initial Appearance as a result of being charged with violating Title 21 U.S.C. § 846, Conspiracy to Possess With Intent to Distribute and to Distribute Oxycodone, Hydromorphone, and Oxymorphone, Schedule II Controlled Substances; and Buprenorphine, a Schedule III Controlled Substance. The Government did not file a Motion for Detention, and the defendant was released on a personal recognizance bond with pretrial supervision.

As Mr. Moore had an active state probation violation, on June 7, 2013, he was released on a detainer to Wilson County, Tennessee. On October 20, 2013, the defendant was released from local custody.

On November 20, 2013, Mr. Moore reported for pretrial supervision.

On January 7, 2014, the bond revocation hearing was continued to February 20, 2014, to monitor the defendant's compliance on Pretrial Supervision. Mr. Moore has again violated the conditions of his supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Report to the U.S. Pretrial Services as directed.**

On December 18, 2013, the defendant failed to report to the U.S. Probation and Pretrial Services Office for his scheduled monthly appointment.

As a sealed Arrest Warrant was issued for the defendant on January 7, 2014, this officer telephoned the defendant on January 9, 2014, at 9:54 a.m. and requested that he come into the probation office. Mr. Moore advised that he lacked transportation because his father's vehicle was being repaired. He expressed his belief that his father would pick the vehicle up from the automotive shop later in the evening and could bring him into the office the next day. This officer encouraged Mr. Moore to try to find a ride to Nashville on the date of the phone call. Further, Mr. Moore was instructed to call the supervising officer back to advise when he would come into the office.

Honorable E. Clifton Knowles
U.S. Magistrate Judge
2nd Superseding Petition for Action on
MOORE, Ryan
Case No. 3:13-CR-00097-24
February 14, 2014

At the close of business on January 9, 2014, this officer had not heard from Mr. Moore. The U.S. Marshals Service District Fugitive Task Force Coordinator for the Middle District of Tennessee was contacted, and apprehension services were requested.

**Violation No. 2: Submit to any testing required by the pretrial services officer or the supervising officer to determine whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.**

On December 13, 2013, Mr. Moore failed to report for a urine screen as directed. He also failed to report for make-up urine screens on December 16, 2013, and on January 9, 2014.

*On January 29, 2014, the defendant failed to report for a urine screen as instructed. Additionally, on January 30, 2014, he failed to report, as directed, to the U.S. Probation and Pretrial Services Office for a make-up urine screen. Mr. Moore did not appear for a urine screen scheduled for February 7, 2014.*

**Violation No. 3: The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.**

On the evening of January 30, 2014, this officer received notification that the defendant had law enforcement contact with the Lebanon Police Department. Investigation revealed that on the same date at approximately 7:07 p.m., officers were dispatched to the Knights Inn in Lebanon, Tennessee, to investigate a possible methamphetamine laboratory. When they arrived on the scene, officers encountered a woman, Stephanie Mosley, who allowed them into her motel room. Investigation revealed the room housed a methamphetamine laboratory. A man, identified as Nathan Busard, was discovered hiding in the bathroom. Mr. Busard and Ms. Mosley were taken into custody.

Inside the motel room, officers discovered a camouflage backpack that Ms. Mosley indicated belonged to her. It contained Mason jars with residue, plastic tubing, coffee filters, lithium batteries, and drain cleaner. Additionally, Percocet, methadone, and alprazolam were observed in plain view. For safety reasons, officers removed occupants from other motel rooms located near the scene. The Tennessee Methamphetamine Task Force responded to decontaminate and clean up the motel room.

At approximately 9:50 p.m., officers received a tip that two male subjects located at the Pilot gas station in Lebanon were watching the police activity at the motel. The caller indicated the men said they left their phones at the Knights Inn but would not retrieve them. Further, the caller advised the defendant had entered the women's restroom and left blood everywhere.

At approximately 10:26 p.m., Lebanon City Police Department officers were dispatched to the Pilot

Honorable E. Clifton Knowles
U.S. Magistrate Judge
2nd Superseding Petition for Action on
MOORE, Ryan
Case No. 3:13-CR-00097-24
February 14, 2014

gas station and encountered the defendant and another individual, Christopher Wright. The arresting officer indicated Mr. Moore had red, bloodshot eyes and a white coating on his tongue. According to the officer, defendant Moore voluntarily displayed his arms, which had fresh "track marks" and bruises on them.

The defendant was taken into custody and transported back to the Knights Inn, located at 921 Murfreesboro Road, Lebanon, Tennessee. Mr. Moore consented to a search of his hotel room and was subsequently arrested and transported to booking. He was charged with Public Intoxication (Report No. 14-4806), and on January 31, 2014, defendant Moore was released on his own recognizance.

Of note, Mr. Wright possessed a red straw which contained white residue at the time of his arrest. He admitted he snorted methamphetamine.

On February 14, 2014, subsequent to a positive drug screen, the defendant admitted he has been intravenously using oxycodone and Opana tablets. Specifically, he used these substances as recently as last night.

**Violation No. 4: Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.**

*On February 14, 2014, the defendant reported to the U.S. Probation and Pretrial Services Office and submitted a urine screen that tested positive for amphetamines, buprenorphine, and methamphetamine. As indicated above, the defendant admits to illegal intravenous drug use steadily for the past week.*

**Current Status of Case:**

A bond revocation hearing has been set for February 20, 2014, and a jury trial is scheduled for April 22, 2014, at 9:00 a.m.

**Probation Officer Action:**

On November 15, 2013, this officer received information that the defendant was released from local custody on October 20, 2013. Contact was made with Sparta Bail Bonds, located in Lebanon, Tennessee, who confirmed the defendant was on bond in an unrelated state criminal case. Efforts were made to locate the defendant, and on November 19, 2013, this officer spoke with the defendant via telephone. An initial intake interview was scheduled for November 20, 2013. During this interview, this officer addressed Mr. Moore's 30-day absence from federal pretrial supervision, and he was encouraged to report as instructed. He was also advised that the Court would have to pre-approve any residential change.

Honorable E. Clifton Knowles
U.S. Magistrate Judge
2nd Superseding Petition for Action on
MOORE, Ryan
Case No. 3:13-CR-00097-24
February 14, 2014

On December 14, 2013, this officer conducted a home assessment at Mr. Moore's residence. As he had missed a urine screen on the previous day, he was instructed to report to the U.S. Probation and Pretrial Services Office on the morning of December 16, 2013. Additionally, defendant Moore was instructed to contact Cumberland Mental Health Center, located in Lebanon, Tennessee, to schedule his substance abuse intake assessment. He failed to report for a drug screen as directed.

On December 16, 2013, the defendant's girlfriend, Nikki Speakman, called this officer to advise Mr. Moore was ill. On December 17, 2013, Ms. Speakman again contacted this officer and advised the defendant was taken to the hospital.

On January 9, 2014, this officer again requested the defendant report to the office for a urine screen. He failed to comply with this directive.

On January 13, 2014, information was received that the defendant reported to Cumberland Mental Health, located in Lebanon, Tennessee, for a substance abuse assessment. The U.S. Marshals Service was advised of Mr. Moore's whereabouts, and local law enforcement was contacted. Defendant Moore was arrested when he exited Cumberland Mental Health. He was transported to the U.S. Marshals Service, and the sealed warrant was executed. It is noted that on this date, presumably after the defendant's arrest, his girlfriend, Nikki Speakman, telephoned the supervising officer to advise that Mr. Moore had been either ill or at the hospital. This officer requested that Ms. Speakman refrain from contacting the officer on behalf of the defendant.

**At the conclusion of the defendant's Initial Appearance on January 13, 2014, he reported to the U.S. Probation and Pretrial Services Office. A drug test was administered, and Mr. Moore was negative for all substances.**

*On January 29, 2014, the defendant contacted this officer to advise he did not have a ride to the probation office. He was encouraged to find a ride to the office for his urine screen, but he did not report. On January 30, 2014, Mr. Moore was again prompted to report to the office for a urine screen. He did not report as instructed.*

*On January 31, 2014, at approximately 3:20 p.m., the defendant reported to the U.S. Probation and Pretrial Services Office. He submitted a urine screen that was negative for all substances. Mr. Moore advised this officer of his new arrest, and he denied he was drunk. He reported he has red eyes due to medical reasons. Further, Mr. Moore denied he was given the opportunity to submit to a breathalyzer or blood alcohol test.*

*The defendant stated he stayed the night at the hotel with his girlfriend, Nikki Speakman, who has moved out of their residence. Defendant Moore reported he still lives at his residence. He was advised he has to obtain permission from the Court before he changes his residence.*

*This officer questioned whether Mr. Moore has used intravenous drugs. He admitted he last used*

5

Honorable E. Clifton Knowles
U.S. Magistrate Judge
2nd Superseding Petition for Action on
MOORE, Ryan
Case No. 3:13-CR-00097-24
February 14, 2014

*intravenous drugs in June 2013. The supervising officer viewed the defendant's arms and feet, and there were no visible signs of immediate intravenous drug use. Mr. Moore was strongly encouraged to explore his transportation options so that he may report for drug screens as scheduled. Further, he was informed the Court would be notified of his noncompliance.*

*On February 14, 2014, this officer received information that the defendant continues to use illegal or nonprescribed substances. The defendant reported to the U.S. Probation and Pretrial Services Office with his father, at which time a random urine screen was administered, which was positive for amphetamines, buprenorphine, and methamphetamine. This officer counseled the defendant in the presence of his father and the father's girlfriend. The elder Moore insisted the defendant cannot cease from drug use, and he opined the defendant needs inpatient treatment.*

**Respectfully Petitioning the Court as Follows**:

Based upon Mr. Moore's initial failure to report to the U.S. Probation and Pretrial Services when released from custody in October 2013, his failure to report for urine screens in December 2013, and in January 2014, his new arrest for Public Intoxication, and his continued use of illicit substances, Pretrial Services opines that Mr. Moore is incapable of complying with the conditions of his probation and refraining from drug use. Therefore, it is the opinion of Pretrial Services that, due to the nature of the defendant's substance abuse, he is now a danger to himself. Therefore, it is respectfully recommended that a warrant be issued for the defendant's arrest and that he appear before the Court to show cause as to why his bond should not be revoked.

Assistant United States Attorney Brent Hannafan has been advised of the violations and concurs with this recommendation.

Approved:

_____
Vidette A. Putman
Supervisory U.S. Probation Officer


xc: Brent Hannafan, Assistant U.S. Attorney
David Heroux, Defense Counsel


Enclosures

# UNITED STATES DISTRICT COURT

__MIDDLE__ District of __TENNESSEE__

United States of America

V.

__RYAN MOORE__
Defendant

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 3:13-00097-24

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
Place

_____ on _____
Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ )  The defendant promises to appear at all proceedings as required and to surrender

(   )  The defendant executes an unsecured bond binding the defendant to pay _____ dollar (_____) in the event of a failure to appear as required or to surrender as directed for

DISTRIBUTION:  COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

SCANNED

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community,

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and state) _____ (Tel. No.) _____
who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy          Date

(X) (7) The defendant shall:
RM (X) (a) report to the U.S. Pretrial Services as directed
    telephone number (615) 736-5771, not later than _____
( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
( ) (d) execute a bail bond with solvent sureties in the amount of $
RM (X) (e) maintain or actively seek employment. or attend school as directed
    ( ) (f) maintain or commence an education program.
RM (X) (g) surrender any passport to: Pretrial Services
RM (X) (h) obtain no passport.
RM (X) (i) abide by the following restrictions on personal association, place of abode, or travel: Restricted to Middle District of TN unless pre-approved for out of district travel by Pretrial Services
RM (X) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: Co-defendants without prior approval of Pretrial Services

( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
( ) (l) return to custody each (week) day as of ____ o'clock after being released each (week) day as of ____ o'clock for employment, schooling, or the following limited purpose(s):
( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
RM (X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
RM (X) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
RM (X) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
RM (X) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
    ( ) (i) Curfew. You are restricted to your residence every day ( ) from ____ to ____, or ( ) as directed by the pretrial services office or supervising officer; or
    ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
    ( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
RM (X) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. and within 48 hrs.
RM (X) (v) Shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view.
( ) (w) _____
( ) (x) _____

_____ 11/26/13

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

### Directions to United States Marshal

( x ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: June 3, 2013          _____
                             Signature of Judicial Officer

E. CLIFTON KNOWLES, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:  COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL